UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **FIRST LOUISIANA NATIONAL BANK** | ***CIVIL NO. 05-747 c/w 05-748** |
| **VS.** | ***MAGISTRATE JUDGE HILL** |
| **MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED, ET AL.** | ***BY CONSENT OF THE PARTIES** |

## DISCOVERY RULING

Pending before this Court is the determination as to whether documents sought by plaintiff, LF Properties, LLC ("LF Properties"), are protected from disclosure pursuant to the work-product or the attorney-client privilege. Defendant, Markel International Insurance Company, Limited ("Markel") has filed a privilege log for Lexington General Insurance Agency documents and a privilege log for Crawford and Company documents [1] and submitted the documents on which privilege is claimed to chambers of the undersigned for *in camera* review.

The party asserting the privilege has the burden of proving the privilege exists. *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 720 (5th Cir. 1985); *Bulk Lift International, Inc. v. Flexcon & Systems, Inc.*, 122 F.R.D. 482, 490 (W.D. La. 1988);

---

[1] Federal Rule of Civil Procedure 26(b)(5) provides as follows:
> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection

*In re: Shell Oil Refinery*, 812 F.Supp. 658, 661 (E.D. La. 1993). A general allegation of privilege is insufficient. *Bulk Lift*, 122 F.R.D. at 490. A clear showing must be made which sets forth the items or categories objected to and the reason for that objection. *Id.*, *citing Peat, Marwick, Mitchell & Company v. West,* 748 F.2d 540 (10th Cir. 1984), *cert. denied*, 469 U.S. 1199, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985). Accordingly, the proponent must provide the court with enough information to enable the court to determine privilege, and the proponent must show that precise facts exist to support the claim of privilege. *Id.* at 492; *Nutmeg Ins. Co. v. Atwell, Vogel & Sterling A Division of Equifax Services, Inc.*, 120 F.R.D. 504, 510 (W.D. La. 1988); *Varo, Inc. v. Litton Systems, Inc.*, 129 F.R.D. 139, 141 (N.D. Tex. 1989). A failure of proof as to any element causes the privilege to fail. *Bulk Lift*, 122 F.R.D. at 492.

In civil actions where state law supplies the rule of decision, privileges are to be determined in accordance with state law. Fed.R.Evid. 501; *Conoco, Inc. v. Boh Brothers Construction Co.*, 191 F.R.D. 107, 115 (W.D.La. 1998). The elements necessary to establish an attorney-client privilege are:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the communication is made to an attorney or his subordinate, in his professional capacity; (3) the communication is made outside the presence of strangers; (4) for the purpose of obtaining an opinion on the law or legal services and (5) the privilege is not waived.

*In re: Shell Oil Refinery*, 812 F.Supp. at 661 citing *New Orleans Saints v. Griesedieck*, 612 F.Supp. 59, 62 (E.D La. 1986).

In *Wells v. Rushing*, 755 F.2d 376, 379, n. 2 (5th Cir. 1985), the Fifth Circuit summarized the privilege as follows:

> "The privilege protects communications from the client to the attorney made in confidence for the purpose of obtaining legal advice. See *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976); *United States v. El Paso Co.*, 682 F.2d 530, 538 (5th Cir. 1982), *cert. denied*, 466 U.S. 944, 104 S.Ct. 1927, 80 L.Ed.2d 473 (1984). It shields communications from the lawyer to the client only to the extent that these are based on, or may disclose, confidential information provided by the client or contain advice or opinions of the attorney."

And significantly, the United States Supreme Court stated with respect to the parameters of the privilege:

> "The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney:'[T]he protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.' *Philadelphia v. Westinghouse Electric Corp.*, 205 F.Supp. 830, 831 (q2.7). See also *Diversified Industries*, 572 F.2d, at 611; *State ex rel Dudek v. Circuit Court*, 34 Wis.2d 559, 580, 150 N.W.2d 387, 399 (1967) ('the courts have noted that a party cannot conceal a fact merely by revealing it to his lawyer.')."

*Upjohn Co. v. United States*, 449 U.S. 383, 395, 101 S.Ct. 677, 685, 66 L.Ed.2d 584 (1981).

Finally, the United States Supreme Court has also observed:

> "However, since the privilege has the effect of withholding relevant information from the fact-finder, it applies only where necessary to achieve its purpose. Accordingly, it protects only those disclosures necessary to

>obtain informed legal advice which might not have been made absent the privilege." (citations omitted) (emphasis added).

*Fisher v. United States*, 425 U.S. 391, 402 (1976).

The work product doctrine, announced in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), and codified in F.R.Civ.P. 26(b)(3), protects documents and other tangible things prepared in anticipation of litigation, or by or for a party's representative. *Guzzino v. Felterman*, 174 F.R.D. 59, 62 (W.D. La. 1997).

In *United States v. Davis,* 636 F.2d 1028, 1039 (1981), the Fifth Circuit set forth the standard in this circuit for determining whether a document has been prepared in anticipation of litigation, as follows:

> "It is admittedly difficult to reduce to a neat general formula the relationship between preparation of a document and possible litigation necessary to trigger the protection of the work product doctrine. See *Kent Corp. V. NLRB*, 5 Cir. 1976, 530 F.2d 612, 623, *cert. denied*, 1976, 429 U.S. 920, 97 S.Ct. 316, 50 L.Ed.2d 287; *In re Grand Jury Investigation (United States)*, 3 Cir. 1979, 599 F.2d 1224, 1229. **We conclude that litigation need not necessarily be imminent, as some courts have suggested,** *see, e.g., Home Insurance Co. v. Ballenger Corp.,* N.D.Ga. 1977, 74 F.R.D. 93, 101; *In re Grand Jury Investigation (Joseph B. Sturgis),* E.D.Pa. 1976, 412 F.Supp. 943, 948**, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation**. *See, Osterneck v. E.T. Barwick Industries, Inc.,* N.D.Ga. 1979, 82 F.R.D. 81, 87, citing 8 C. Wright & A. Miller, Federal Practice and Procedure sec. 2024, at 198 (1970)." (emphasis added).

See also *In re Kaiser Aluminum and Chemical Co.,* 214 F.3d 586, 593 (5th Cir. 2000). Thus, the work product privilege applies to documents "prepared in anticipation of litigation." *In re Kaiser Aluminum and Chemical Co.,* 214 F.3d at 593. The privilege can

-4-

apply where litigation is not imminent, "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation. *Id.* Moreover, the privilege protects not only documents prepared by an attorney, but also documents prepared by a party, representative of a party or his agent. See *United States v. Nobles*, 422 U.S. 225, 238 (1975).

The law is settled that excluded from the work product doctrine are "materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation." *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982); *Guzzino*, 174 F.R.D. at 63. Moreover, as with the attorney-client privilege, work-product protection does not apply to underlying facts relevant to the litigation, whether or not they have been reduced to writing or communicated to an attorney. *Bulk Lift*, 122 F.R.D. at 491 citing *Upjohn Co.*, 449 U.S. at 395-396.

Absent a showing of substantial need and the inability to discover the substantial equivalent by other means without undue hardship, work product documents are not discoverable. *Hodges, Grant & Kaufmann*, 768 F.2d at 721 citing FRCP 26(b)(3).[2] However, even when the required showing is made, courts provide an almost absolute protection for materials which contain mental impressions, conclusions, opinions or legal theories of an attorney or other representative concerning the litigation. See *In re*

---

[2] When information is available by means other than production, for example when the information may be obtained by deposition, discovery of work product may be denied. See *In re International Systems*, 693 F.2d at 1240-1241 citing 8 C. Wright & A. Miller, Federal Practice & Procedure §§ 2025 n. 72 (1970) (agreeing that "discovery of work product will be denied if a party can obtain the information he seeks by deposition..." and noting that substantial need may be lacking if the desired information can be discovered "by deposition testimony....").

*International Systems and Controls Corp.*, 693 F2d 1235, 1240 (5th Cir. 1982) (citations omitted); *Bulk Lift*, 122 F.R.D. at 491; FRCP 26(b)(3); .

Like the attorney-client privilege, the party seeking the protection of the work-product privilege also has the burden of proving that the disputed documents are work product. *Hodges, Grant & Kaufmann*, 768 F.2d at 721; *Nutmeg Ins. Co.*, 120 F.R.D. at 510.

Based on the law applicable to this case, the undersigned finds that Markel must produce the following (listed by bates numbers):

### LEXINGTON GENERAL INSURANCE DOCUMENTS

Bates numbers 03 and 04.

### CRAWFORD AND COMPANY DOCUMENTS

Bates numbers 01, 20, 21-26 (claim of privilege withdrawn), 54, 57, 94, 182, 187 and 190.

Accordingly, Markel is **ORDERED** to produce the above documents which the undersigned has found not to be privileged **by 5:00 p.m. on June 19, 2005** No fees will be awarded**.**

**IT IS FURTHER ORDERED** that the documents submitted to chambers for in camera review shell be filed as **sealed** pending further orders of court.

Lafayette, Louisiana, June 16, 2005.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE